UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IRVIN W. McKAY and CINDY L. McKAY<br><br>    Plaintiffs<br><br>v.<br><br>FAY SERVICING, LLC<br><br>    Defendant | Case No. 1:23-cv-00361-JDL |

PLAINTIFFS' OPPOSITION TO
DEFENDANT FAY SERVICING, LLC'S MOTION TO REMAND

The issue before the court is not one of lack of diversity jurisdiction. Rather, the issue is what is to be done about the refusal of the party which invoked diversity jurisdiction, and which represented under the Rule 11 of the Federal Rules of Civil Procedure that diversity does exist, to comply with the disclosure requirements of Rule 7.1.

The McKays oppose the motion of Fay Servicing, LLC to remand this matter so that Fay can evade the duty imposed on it by F. R. Civ. P. 7.1, and by the orders of this court, to file a disclosure statement naming the persons and entities whose citizenships are attributed to Fay Servicing, LLC. Fay has represented to the court that all individuals and entities whose citizenship is attributable to Fay are citizens of states other than Maine, but it refuses to identify those entities and individuals by name. Three times the court has ordered Fay to serve a compliant disclosure statement by providing the names (ECF 19, 23 and 25), but Fay has persisted in refusing to do so. Now, over, four months after removal and after mounting major attacks in this court on the complaint of the Mckays by its motion to strike and to dismiss, it has moved to remand the case.

1

The issues here are not new to Fay Servicing, LLC and its related entities. Less than four months ago, this is what the United States District Court for the Eastern District of North Carolina said to Fay Servicing:

> "For purposes of diversity jurisdiction, the citizenship of a limited liability company ... is determined by the citizenship of all of its members[.]" … As revealed by defendant Fay's response to the court's September 25 order, however, defendant Fay is an LLC wholly owned by a sole member, Fay Management, LLC, which is in turn wholly owned by another sole member, Fay Financial, LLC.… For purposes of diversity jurisdiction involving LLC parties, unlike corporations, the court must look to the citizenship of <u>all members</u> of the LLC. …("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members."); see also Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016) ("For these unincorporated entities, we too have adhered to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members.").

*Hutten v. Specialized Loan Servicing; Fay Servicing; and Federal National Mortgage Association,* 2023 WL 6847112, \*3--\*4 (E.D. NC, Oct. 17, 2023) (appeal pending). Because that plaintiff was from North Carolina, and Fay Financial had many "members including individuals that are citizens of North Carolina," that court determined that diversity did not exist in that case. *Id.*

Notwithstanding the recent admonitions of the North Carolina District Court, and the similar holdings of the 1st Circuit and this court, *BRT Management, LLC v. Malden Storage LLC,* 68 F.4th 691 (1st Cir. 2023), and *Carrington Mortgage Services, LLC v. Gray*, 2023 WL 2308702 (D. Me. 2023), Fay Servicing represented its Notice of Removal (ECF 1) that "Fay is a citizen of Florida for diversity purposes." Fay was on explicit notice that that was false. Its third filed disclosure statement revealed citizenship in at least eight states. When Fay filed its notice of removal, it knew that it had to comply with the Federal Rules of Civil Procedure, including Rule

7.1, and it submitted itself to the personal jurisdiction of the court for it to enter orders requiring compliance those rules

Because of Fay's initial misrepresentation of its citizenship, and its later refusals to follow the orders of the court, the court has been unnecessarily burdened, and the McKays have been unfairly delayed in the prosecution of this action. They also have had to devote substantial legal effort to respond to Fay's attacks on their complaint and are now burdened by incurring expense for legal fees associated with the refusals of Fay to follow the Rule and with this court's orders.

Perhaps, had Fay filed its motion to remand after the first order for it to follow Rule 7.1 (ECF 19) and after its attorneys had had an opportunity to read the above cited decisions, it might have been reasonable to excuse its non-compliance with Rule 7.1 and to allow the remand. Non-compliance after three orders should not be tolerated. Even though the court is left with lack of the required proof about its subject matter jurisdiction on diversity grounds, "there is no constitutional infirmity under Article III in requiring those practicing before the courts to conduct themselves in compliance with the applicable procedural rules in the interim. *Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S. Ct. 1076, 1081, 117 L. Ed. 2d 280 (1992). This includes the power of the court to impose sanctions when the rules are not complied with. *Id.* Citing *Willey,* the First Circuit has confirmed that "[a] court without subject matter jurisdiction may retain some limited authority to protect its own independent interests in its procedures. *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001).

At this point in the case and after having to respond to Fay's attacks on their complaint, the McKay's do not want this case to be remanded. Review of Fay's filings and research have also informed them they likely will need to depose employees and officers of Fay in both Florida

and Texas and the Federal Rules of Civil Procedure will make that process more efficient and less costly.[1] They should not be prejudiced by the refusal of Fay to comply with Rule 7.1 and the court's enforcement orders by identifying the names of the persons and entities whose citizenships are attributable to Fay Servicing, LLC. With Fay having submitted itself to the jurisdiction of this court and having tried to invoke the court's subject matter jurisdiction, the McKays urge the court to consider, in the following order, the entry of one or more of these orders:

- A fourth order compelling Fay Servicing, LLC to disclose the names of the attributable persons and entities, backed up by an order warning of potential contempt sanctions in the event of further of non-compliance.

- An order authorizing the McKays to conduct pre-trial discovery as to the identities of the attribution parties of Fay Servicing, LLC and ordering that Fay should have to pay the costs of this discovery work.

- An order reconsidering the court's denial of Fay's motion to file the names of the attribution parties under seal, and allowing the filing under seal, so the McKay's will not be victimized by Fay's refusal to disclose the names in a publicly file Rule 7.1 disclosure statement.[2]

- If the court declines to enter one of the preceding orders, an order granting the McKays leave to file a further amended complaint alleging a cause of action for violation by Fay

---

[1] Texas has not adopted the Uniform Interstate Discovery and Depositions Act, meaning that efforts by the McKays to depose one or more officers of Fay in Texas would require the McKays to incur the costs of initiating a separate legal action in Texas if this case is remanded.

[2] The court properly rejected Fay's motion to file the disclosure statement under seal, but if the consequence of that denial is that the McKays are now denied the opportunity to continue the prosecution of their claim in this court, that will be an unjust outcome.

of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, which will thus establish federal question jurisdiction.

Regarding the fourth option, the allegations of McKays' complaint state enough facts to support a claim for relief under the federal FDCPA and the McKays can amend their complaint to assert federal question jurisdiction under 28 U.S.C. § 1331.

Fay Servicing has not cited, and the Mckays have not found, any authority with entitles a removing defendant which has represented to the court under Rule 11 of the Federal Rules of Civil Procedure, that complete diversity exists, to force a remand of the removed cases by the refusal of the removing party to follow the Rule 7.1 disclosure requirements. If Fay Servicing did not want to follow the Rule, it should have determined that before filing the notice of removal. Both the court and the McKays have now been impacted by the removal, and the most appropriate remedy is for the court to require Fay to comply with the Rule.

This issue is purely the result of the refusal of Fay, after seeking to invoke the diversity jurisdiction of this court, to follow Rule 7.1 and the three orders of this court. It should not now be allowed to benefit from that refusal to the detriment of the McKays.

DATED: February 11, 2024

   /s/ Thomas A. Cox
Thomas A. Cox, Esq. Me. Bar No. 1248
*Attorney for Plaintiffs*
*Irvin W. McKay and Cindy L. McKay*

P.O. Box 1083
Yarmouth, ME 04096
(207) 749-6671
tac@gwi.net

## CERTIFICATE OF SERVICE

      I hereby further certify that on February 11, 2024, I electronically filed the foregoing Plaintiffs' Opposition to Motion to Remand using the CM/ECF system which will send notification of such filing to counsel of record for Defendant.

                                                    /s/Thomas A. Cox
                                                    Thomas A. Cox